# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**CIVIL ACTION NO. 4:13CV-00041-JHM**

**JEFFREY THOMAS**                                                    **PLAINTIFF**

**V.**

**DANA COMMERCIAL VEHICLE PRODUCTS, LLC**
**D/B/A DANA COMMERCIAL VEHICLE**
**MANUFACTURING, LLC.**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Dana Commercial Vehicle

Products, LLC, d/b/a Dana Commercial Vehicle Manufacturing, LLC ("Dana Corporation") to

dismiss the Second, Third, and Fourth claims in the Amended Complaint [DN 22].   Fully

briefed, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

a court "must construe the complaint in the light most favorable to plaintiff," League of United

Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all

well-pled factual allegations as true[,]" id., and determine whether the "complaint states a

plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).   Under this standard,

the plaintiff must provide the grounds for his or her entitlement to relief which "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   A plaintiff satisfies this standard only

when he or she "pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678.   A complaint falls

short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Jeffery Thomas ("Thomas"), was hired by Dana Corporation on June 26, 2011, as a material handler/fork lift operator in Henderson, Kentucky. Thomas is "a person of African American descent" and his supervisors at the Dana Corporation are of "European descent." (Amended Complaint at ¶¶ 6, 10.) On December 23, 2011, Thomas had to leave work due to a medical condition. Thomas worked half of his scheduled work shift that day. Thomas alleges that after returning from a one-month medical leave in 2012, Dana Corporation suspended him for five days pending termination for an "unjustified excuse." Thomas avers that his suspension and termination was later determined to be unjustified and Thomas was returned to work.

On July 2, 2012, Thomas was involved in a forklift accident. Thomas was subjected to a drug screen pursuant to Dana Corporation policy. Thomas was called back to work on July 3, 2012. On July 3, 2012, Thomas injured his back. Thomas alleges that the injury was not reported by Dana Corporation to the proper state authorities. After Thomas's injury, he was taken off work by a treating physician. Thomas returned to work from his medical leave on July 9, 2012. Dana Corporation suspended Thomas for five days for not following safety procedures. Thomas filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 10, 2012, in which Thomas asserted a claim of race discrimination.

While on medical leave in October 2012, Thomas was required to call into work. According to Dana Corporation, Thomas was subsequently terminated for providing false

information during one of his call-ins. A disciplinary action attached to the original complaint states that on October 19, 2012, Dana Corporation issued a disciplinary action of suspension of 5 days with intent to discharge to Plaintiff for providing the corporation false information. Specifically, the report indicates that Thomas was disciplined for "calling in absent under doctor's care at 3:35 p.m. on Tuesday, October 16, 2012 while incarcerated for Weapon-carry Felon or Prior at 2:31 p.m. according to the Evansville Police Department Arrest Report on the same date." (10-19-2012 Disciplinary Action, DN 1.)

Thomas filed a second charge of discrimination with the EEOC on October 23, 2012, in which Thomas alleged discrimination based on race, disability status, and retaliation. An arbitrator returned Thomas to work. Thomas claims that since his return to work, he has been subjected to more harsh work assignments and is closely monitored at work by his supervisor. Plaintiff asserts that Dana Corporation applied its employment policies and practices differently based on race, disability status, and filing a charge with the EEOC. As a result, Plaintiff filed this action on April 9, 2013, against Dana Corporation, asserting claims of discriminatory treatment based on race and retaliation in violation of Title VII, discriminatory treatment based on race and retaliation in violation of 42 U.S.C. § 1981, discriminatory treatment based on disability and retaliation in violation of the ADA, and "discriminatory treatment based on race and retaliation in violation of the FMLA." (Amended Complaint ¶ 30.) Defendant filed this motion to dismiss Counts 2, 3, and 4 arguing that (1) Plaintiff, as an at-will employee, did not have a contractual relationship with Dana Corporation to support a claim under § 1981, (2) Plaintiff fails to allege sufficient facts to substantiate his claims under the ADA, and (3) Plaintiff fails to allege sufficient facts to substantiate his claims under the FMLA.

# III. DISCUSSION

## A. § 1981 Claim

Plaintiff claims that Defendant terminated his employment in violation of 42 U.S.C. § 1981 which states "all persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). For purposes of § 1981, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Defendant submits that § 1981 is inapplicable to Plaintiff's employment situation.

The district court in <u>Gooden v. Ryan's Restaurant Group, Inc.</u>, 2007 WL 855326 (W.D. Ky. March 14, 2007), previously addressed this issue. In <u>Gooden</u>, the plaintiff claimed that the defendant violated § 1981 by deciding to terminate him based on his race and gender. The district court concluded that "§ 1981 only protects persons from discrimination in the formation or enforcement of contracts." <u>Id.</u> at *13 (citing <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164 (1989); <u>Prather v. Dayton Power & Light Co.</u>, 918 F.2d 1255, 1257 (6th Cir.1990); <u>Ang v. Procter & Gamble Co.</u>, 932 F.2d 540, 545 (6th Cir. 1991)).[1] The district court held that

> [d]ischarge from employment does not involve the enforcement or formation of a contract. <u>Prather</u>, 918 F.2d [at] 1257. In particular, Plaintiff was an at-will employee of Defendant. "[W]hether an at-will employment relationship constitutes a contract [is a] matter[ ] of state law." <u>Aquino v. Honda of America, Inc.</u>, 158 Fed. Appx. 667, 674 n. 3 (6th Cir. 2005). Under Kentucky law, an at-will employee is not in a contractual relationship with his employer. <u>Nork v. Fetter Printing Co.</u>, 738 S.W.2d 824, 827 (Ky. App.1987). <u>See also</u> <u>Shepherd v. Boysen</u>, 849 F. Supp. 1168 (E.D. Ky. 1994) (holding that a public at-will employee did not have enforceable

---

[1] Section § 1981 as amended in 1991 protects against harassing conduct that occurs after the formation of the contract. <u>See</u> <u>Jones & R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 372-373 (2004).

> contract rights against his employer for purposes of 42 U.S.C. §
> 1983). Since Plaintiff is neither forming nor enforcing a contract
> against Defendant, § 1981 grants him no cause of action.

Gooden, 2007 WL 855326, *13. In the amended complaint in the present case, Plaintiff does

not allege that he has an employment contract with Defendant. As discussed in Gooden, since

Thomas is neither making nor enforcing a contract against Defendant as that term is defined in

the statute and interpreted in accordance with Kentucky law, § 1981 grants him no cause of

action.

In as much as Plaintiff relies on the Sixth Circuit's decision of Keys v. Humana, Inc., 684

F.3d 605 (6th Cir. 2012), remanding a claim for race discrimination brought under Title VII and

§ 1981, the Court finds that Keys is not dispositive of the issue here. In Keys, the issue of

whether § 1981 is applicable to at-will employment relationships based on Kentucky law was not

raised in either the district court or the court of appeals. In fact, the court in Keys does not

classify the plaintiff as an at-will employee. Furthermore, the record in Keys reflects that

plaintiff received an offer letter for her management position and she accepted it.

For the reasons set forth above, the motion to dismiss Plaintiff's § 1981 claim is granted.

**B. Americans with Disabilities Act**

Under the Americans with Disabilities Act it is unlawful for an employer to "discriminate

against a qualified individual on the basis of disability in regard to job application procedures,

the hiring, advancement, or discharge of employees, employee compensation, job training, and

other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA, as

amended by the ADA Amendments Act of 2008 ("ADAAA"), defines the term "disability" to

mean "(A) a physical or mental impairment that substantially limits one or more major life

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment . . . ." 42 U.S.C. § 12102(1). Paragraph (C) does not apply to impairments that are "transitory and minor," with "transitory" meaning six months or less. 42 U.S.C. § 12102(3)(B). See, e.g., Esparza v. Pierre Foods, 923 F. Supp. 2d 1099, 1104 (S.D. Ohio Feb. 12, 2013). In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) [he] is disabled; (2) [he] is otherwise qualified for the position with or without reasonable accommodation; (3) [he] suffered an adverse employment decision; (4) [his] employer knew or had reason to know of [his] disability; and (5) [his] position remained open." Azzam v. Baptist Healthcare Affiliates, Inc., 855 F. Supp. 2d 653, 658 (W.D. Ky. Jan. 5, 2012) (quoting Hammon v. DHL Airways, Inc., 165 F.3d 441, 449 (6th Cir.1999)).

Although the Defendant cites the elements of a prima facie case, the Sixth Circuit Court of Appeals has explained that "the prima facie case under McDonnell Douglas is an evidentiary standard, not a pleading requirement." Keys, 684 F.3d at 609 (emphasizing that it is error "to require [plaintiff] to plead a prima facie case under McDonnell Douglas in order to survive a motion to dismiss"). See Esparza, 923 F. Supp. 2d at 1105. Thus, "[f]or purposes of Rule 12(b)(6), the Court need only consider whether the amended complaint provides sufficient factual content to present plausible claims under the relevant statutes." Esparza, 923 F. Supp.2d at 1105 (citing Bell Atl. Corp., 550 U.S. at 570; Iqbal, 556 U.S. at 679; Keys, 684 F.3d at 609). "That said, the interpretive guidelines for the federal regulations do envision some threshold consideration of whether a person's medical condition, as alleged, plausibly states a 'disability.'" Id. (quoting 29 C.F.R. § 1630.2(j)(1)(iv)).

In the instant matter, the amended complaint fails to meet the minimal pleading standards required under Iqbal and Twombly. First, Plaintiff has failed to allege facts from which an inference can be drawn that he was disabled under the ADA's definition. As discussed above, 42

U.S.C. § 12102(1)(A) defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment." In turn, major life activities are defined as, but not expressly limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Additionally, in response to Defendant's motion to dismiss, Plaintiff does not contend that he is, in fact, disabled. Instead, Plaintiff argues that the factual allegations in his amended complaint satisfy the notice requirements of Fed. R. Civ. P. 8(a)(2). Plaintiff maintains that the factual allegations are sufficient to state a claim that Defendant perceived or regarded him as having a disability. Specifically, Plaintiff states that "[t]he factual allegations in Thomas' Amended Complaint show that Thomas did not begin to have problems in the workplace until after he had to leave work due to a *medical condition*." (Plaintiff's Response at 9; Amended Complaint at ¶¶ 10-13.)

Contrary to his argument, Plaintiff fails to identify, even in general terms, his disability and fails to identify a specific medical condition for which he was regarded as disabled. Moreover, Plaintiff fails to identify how he is substantially limited in any major life activity. The amended complaint merely alleges that on three different occasions he was on medical leave. Plaintiff does not allege that any of the medical leaves were based on a condition that was a disability as defined by the ADA. Accepting the non-conclusory factual allegations as true for purposes of Rule 12(b)(6) and drawing permissible inferences from those factual allegations, Plaintiff has failed to alleged sufficient facts to plausibly state that he had a "disability" for purposes of Rule 12(b)(6). See Inman v. Edwin Shaw Rehab, LLC, 2013 WL 5966177, *4 (N.D. Ohio. Nov. 8, 2013); Jenkins v. Foot Locker, Inc., 2014 WL 584903, *4 (E.D. Mich. Feb. 14,

2014); Davis v. CEVA Logistics, 2013 WL 434051 (S.D. Ohio. Feb. 5, 2013)("regarded as" claims dismissed under Rule 12(b)(6) for failure to specify what major life activity the employer perceived to be impaired); Bracken v. DASCO Home Medical Equipment, Inc., 2013 WL 3275479, *10 (S.D. Ohio. June 27, 2013); Esparza, 923 F. Supp.2d at 1054.

Furthermore, in his response to the motion to dismiss, Plaintiff argues that the amended complaint reflects that he filed a charge of discrimination with the EEOC based on "race and disability status" and was terminated afterwards. Plaintiff contends that this is sufficient to support his claim of retaliation under the ADA. Contrary to Plaintiff's argument, Plaintiff filed his first EEOC charge in July of 2012 alleging only race discrimination in violation of Title VII. Plaintiff's second EEOC charge, filed on October 23, 2012, alleges he was terminated on October 16, 2012, based on race, disability, and in retaliation for his prior charge of discrimination. Plaintiff had not filed a charge of discrimination based on disability with the EEOC prior to his termination, and therefore, Defendant could not have terminated in retaliation for filing a charge of disability discrimination.

For these reasons, the Court finds dismissal appropriate on Plaintiff's claim of ADA discrimination and retaliation.

### C. Family and Medical Leave Act Claim

The Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., entitles qualifying employees up to twelve weeks of unpaid leave each year "to care for a spouse, child, or parent with a 'serious health condition' or if the employee has a 'serious health condition' that renders the employee unable to perform the functions of his job." Payne v. Goodman Mfg. Co., L.P., 726 F.Supp.2d 891, 898 (E.D. Tenn. 2010)(citing 29 U.S.C. § 2612(a)(1)(C)-(D)). A "serious health condition" is a condition that requires inpatient care or continuing treatment by a

health care provider. 29 C.F.R. § 825.113(a). "To invoke the protections of the FMLA, an employee must give his employer adequate notice and a qualifying reason for requesting FMLA leave." Payne, 726 F. Supp. at 898 (citing Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004); Cavin v. Honda of Am. Mfg., 346 F.3d 713, 723–24 (6th Cir. 2003)). It is unlawful for employers to either interfere with the rights afforded employees by the FMLA or retaliate against employees for exercising their FMLA rights. 29 U.S.C. § 2615(a).

The Sixth Circuit recognizes two distinct theories for recovery under the FMLA: "(1) the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1); and (2) the 'retaliation' or 'discrimination' theory arising from 29 U.S.C. § 2615(a)(2)." Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004). The issue in an FMLA interference claim is whether an employer interfered with the FMLA-created right to medical leave or to reinstatement following the leave. Arban v. West Pub. Corp., 345 F.3d 390, 401 (6th Cir. 2003). "The issue in an FMLA retaliation claim is whether an employer retaliated or discriminated against an employee because the employee invoked her FMLA rights." Brady v. Potter, 476 F. Supp. 2d 745, 758 (N.D. Ohio 2007). It appears from the allegations in Plaintiff's amended complaint that he has filed suit under both theories. Defendant moves to dismiss arguing that Plaintiff fails to allege sufficient facts to support a claim of entitlement/interference or discrimination/retaliation under the FMLA.

The Court holds that the amended complaint plausibly states a claim for both interference and retaliation under the FMLA. Plaintiff alleges specific periods in July of 2012 and October of 2012 when he was on medical leave. Thus, the pleadings plausibly show that Plaintiff engaged in protected activity by seeking FMLA leave. Furthermore, Plaintiff contends that the Defendant terminated him while on FMLA leave in October of 2012 and, since his reinstatement by an

arbitrator, Defendant continues to harass him. Thus, the pleadings allege that Defendant took an adverse employment action against Plaintiff, which if true "would dissuade a reasonable worker from making or supporting a claim for FMLA benefits." Rosen v. Guardsmark, LLC, 2013 WL 6814421, *7 (W.D. Tenn. Dec. 20, 2013). Additionally, Plaintiff contends that Defendant terminated his employment because he made a request for FMLA leave.

In as much as Defendant argues that Plaintiff's FMLA claims should be dismissed because he failed to sufficiently plead his prima facie case, the Sixth Circuit has held that an FMLA plaintiff need not plead each element of the prima facie case under the McDonnell Douglas burden-shifting framework. Rosen, 2013 WL 6814421, *7(citing Rhodes v. R & L Carriers, Inc., 491 Fed Appx. 579, 583–84 (6th Cir. 2012); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 (2002); Keys, 684 F.3d at 609–10.). Instead, an FMLA plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Rosen, 2013 WL 6814421, *7 (citing Rhodes, 491 Fed Appx. at 583–84). Under this standard, the Court finds that the amended complaint easily satisfies the pleading standards for an FMLA claims. Additionally, Defendant's argument that Dana Corporation legitimately terminated Plaintiff in October of 2012 for providing false information during one of his call-ins is an argument that is more appropriately decided on a summary judgment motion. Therefore, Defendant's motion to dismiss Plaintiff's FMLA claims is denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Dana Commercial Vehicle Products, LLC, d/b/a Dana Commercial Vehicle Manufacturing, LLC ("Dana Corporation") to dismiss the Second, Third, and Fourth claims in the Amended Complaint [DN 22] is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's Second and Third claim in the Amended Complaint are dismissed.  All other claims remain.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

March 31, 2014

cc: counsel of record